KATHERINE SCHAUS, PLAINTIFF AND APPELLANT, v. HORATIO C. HENRY, ADMINISTRATOR, &c., DEFENDANT AND RESPONDENT.

Submitted July 10, 1916—Decided November 20, 1916.

1. Where, after a note has been delivered and the contract thereby created has been fully consummated, a third party writes on the note over his signature the following irregular endorsement: "This note to be paid out of my estate after my death," that endorsement constitutes a promise to pay the debt of another, and requires a new consideration to support it.
2. The defendant's written promise to pay the debt of another has no legal validity, if there be no evidence of consideration outside of the promise itself.

On appeal from the Camden Circuit Court.

For the appellant, *Stackhouse & Kramer.*

For the respondent, *William P. Walsh.*

The opinion of the court was delivered by

TRENCHARD, J. One George W. Henry, on August 25th, 1909, gave to Katherine Schaus, the plaintiff below, a promissory note dated August 25th, 1909, for $1,000, payable five years after date, to the order of the plaintiff.

George W. Henry, the maker of the note, died July 2d, 1912, intestate, unmarried and without issue.

On the 6th day of July, 1912, James S. Henry, the father of George W. Henry, made the following endorsement on the note: "July 6th, 1912. This note to be paid out of my estate after my death with interest. James S. Henry."

Before the maturity of the note James S. Henry died and suit was instituted in the Camden County Circuit Court by the plaintiff against the administrator of the estate of James S. Henry, pursuant to a notice that the claim was disputed.

At the trial the foregoing facts were stipulated and the trial judge, sitting without a jury, rendered a judgment of nonsuit against the plaintiff, and this appeal is to determine the propriety of that judgment.

We are of the opinion that the judgment of nonsuit must be affirmed.

The note itself, before the endorsement was added, was a negotiable instrument, importing consideration, and a valid obligation of the maker. The endorsement, however, stands on a different footing. It was an irregular endorsement. It was made after the delivery of the note—after the contract creating the debt was fully consummated. It was, in fact, a promise to pay the debt of another, and required a new consideration to support it. *Hayden* v. *Weldon,* 43 *N. J. L.* 128.

Now there was no evidence before the trial judge of a new consideration. The engagement of the defendant's intestate was entirely gratuitous. There is no evidence of any benefit to him, or detriment to the plaintiff, or to any other person. The argument that by reason of his engagement the defendant's intestate was permitted to benefit from the estate of his son (the maker of the note) has no foundation of fact to support it. There was no evidence that the maker of the note left any estate. In short, we have nothing but the written promise of the defendant's intestate to pay the debt of another, and that has no legal validity since there is no evidence of consideration outside of the promise itself. *Pike* v. *Van Riper,* 57 *N. J. L.* 290.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 14.

*For reversal*—None.